UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOHN CARDONA,

                            Plaintiff,

       -against-

FIDELITY NATIONAL PROPERTY AND CASUALTY
INSURANCE COMPANY, NATIONAL FLOOD
INSURANCE PROGRAM and U.S. DEPARTMENT OF
HOMELAND SECURITY FEDERAL EMERGENCY
MANAGEMENT AGENCY (FEMA)

                           Defendants.
------------------------------------------------------------X

CV 14 - 607

**VERIFIED COMPLAINT**

CV: No.:
Judges Initials:

"Jury Trial Demanded"

FEUERSTEIN, J.

WALL, M.J.

The Complaint of John Cardona ("Plaintiff"), by and through his attorneys, French & Casey, LLP, respectfully avers the following:

## THE PARTIES

1.    That at all times hereinafter mentioned Plaintiff is a natural persons who resides at 118 Overlook Drive, Aquebogue, New York 11931.

2.    At all relevant times, defendant Fidelity National Property and Casualty Insurance Company ("Fidelity") was and still is a domestic insurance corporation authorized to conduct business and write insurance policies in the State of New York.

3.    At all relevant times, defendant Fidelity was and still is a foreign insurance corporation authorized to conduct business and write insurance policies in the State of New York.

4.    At all relevant times, defendant Fidelity was and still is a business entity duly licensed and authorized to conduct the business of insurance within New York State.

5.    At all relevant times, defendant Fidelity conducted business in the State of New York, derived and continues to derive substantial revenues therefrom.

6. At all relevant times, defendant Fidelity transacted business at the times alleged herein in the State of New York and/or contracted to supply goods and services in the State at said times.

7. That by reason of the above, defendant Fidelity is subject to the jurisdiction of New York State Insurance Law §§ 1212 and 1213 among other State and Federal laws, codes, statutes and/or regulations.

8. That by reason of the above, defendant Fidelity is also subject to the jurisdiction of The National Flood Insurance Act of 1968 as amended (42 U.S.C. 4001 *et seq.*)

9. Upon information and belief, defendant the National Flood Insurance Program, is a subdivision of the Federal Government, with its principal place of business at P.O. Box 2965, Shawnee Mission, Kansas, 66201. The National Flood Insurance Program is authorized to do and is doing business in the County of Nassau, State of New York. National Flood Insurance Program is administered under the auspices of the Federal Emergency Management Agency ("FEMA").

10. Upon information and belief, defendant FEMA is an agency of the United States Department of Homeland Security, a subdivision of the Federal Government with its principal place of business at 500 C Street, SW, Washington, D.C. 20472 and is authorized to do and is doing business in the County of Nassau, State of New York.

## JURISDICTION & VENUE

11. This Court has original jurisdiction over this matter as the U.S. Government and/or an agency thereof is a defendant in the action.

12. This Court also has original jurisdiction over this matter on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 since plaintiffs are citizens of New York and defendants, FEMA and National Food are federal entities and departments/subdivisions of the Federal Government located in states other than New York. Upon information and belief, Fidelity's principal place of business is the State of Florida. The matter in controversy exceeds, exclusive of

interest and costs, the sum of $75,000.00.

13. The Court also has original jurisdiction over this matter on the basis of 28 U.S.C. § 1331, commonly known as "federal question" jurisdiction, since this matter arises under federal legislation, to wit, the National Flood Insurance Program, 44 C.F.R. Parts 59-80 and related legislation.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(e)(1)(b) because a substantial part of the events or omissions giving rise to the claim occurred in the County of Nassau, State of New York.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

15. Plaintiff repeats the allegations contained in Paragraphs 1 through 14 of the Complaint as if fully set forth herein.

16. The captioned complaint involves flood damage to Plaintiff's home which is located at 118 Overlook Drive, Aquebogue, New York 11931 (the "Property").

17. The Property served as Plaintiff's primary residence prior to and following the devastation of Superstorm Sandy.

18. In order to protect their home from destruction and loss, Plaintiff obtained a flood insurance policy provided by Fidelity. Fidelity issued flood insurance Policy No.: 312510259081, hereinafter referred to as the "Policy" to protect plaintiffs' home from flood damage.

19. This Policy was in effect on October 29, 2012.

20. This Policy covered flood damage to the insured Property occurring on October 29, 2012.

21. The aforementioned Policy, 312510259081, was, upon information and belief, underwritten by National Flood Insurance Program. The National Flood Insurance Program is administered by and under the auspices of FEMA.

3

22. Plaintiff duly tendered payment for the requisite insurance premium to Fidelity for payment of her flood insurance for the Property.

23. Fidelity accepted payment for the Plaintiff's flood insurance covering the subject Property. Consequently, given the acceptance of the premium, Fidelity is estopped from asserting that there was no coverage to plaintiff's Property.

24. On October 29, 2012, Superstorm Sandy struck Long Island and Plaintiff's home was flooded and severely damaged.

25. At all relevant times, Fidelity provided a policy of flood insurance providing coverage for Plaintiff's Property for damages caused by flooding caused by or related to Superstorm Sandy.

26. Plaintiff provided sufficient written proof of their damages to Fidelity and Fidelity assigned this matter Claim Number: 120021089. However, despite the fact that there was sufficient proof of Plaintiff's damages and the coverage was in effect at the time of the incident in question, Fidelity denied the full amount of damages. Since the National Flood Insurance Program has underwritten the policy of flood insurance issued to Plaintiff and since FEMA and the National Flood Insurance Program administers payment of damages for the flood insurance policy issued to Plaintiff, the National Flood Insurance Program and FEMA are liable for Plaintiff's damages, and for the acts or inactions of its subordinate entities, who have refused to pay the damage to Plaintiff's Property.

27. Upon information and belief, following Superstorm Sandy, defendants issued payments to Plaintiff in the amount of approximately $17,200.00 but have denied other meritorious claims despite the fact that the damage was directly caused by a covered peril in the Policy. Upon information and belief, Plaintiff has made claims for approximately $232,800.00 in damages which have not been paid by the defendants herein.

28. There is no good faith basis for the denial of the payments referenced in Paragraph 26 above.

29. Upon information and belief, the partial denial is based upon National Flood Insurance Program guidelines and instruction to Fidelity to deny coverage. Since Fidelity has breached the terms of its insurance policy issued to Plaintiff, the National Flood Insurance Program and FEMA are liable for all of Plaintiff's damages up to the policy limits of the Policy.

30. In addition to damages to the property, which exceed may exceed the policy limits, Plaintiff, upon information and belief, will also incur additional damages including but not limited to attorneys' fees.

31. Upon information and belief, Fidelity thereafter transferred, conveyed and assigned its duties, responsibilities and obligations including its duties to pay under said policy and FEMA agreed to underwrite and administer said policy including the payment of all claims.

32. In addition to actual damage sustained, Plaintiff seeks to recover attorneys' fees and expenses incurred in prosecuting this action as consequential damages resulting from the defendants' breach of the Policy. Plaintiff's incurrence of attorneys' fees and expenses was, at or before the date the Policy was entered into, a foreseeable consequence of defendants' breach of the Policy.

33. Plaintiff also seeks to recover consequential damages resulting from defendants bad faith breach of the Policy. Such damages are necessary to put Plaintiff in the same position it would have been had the contract been fully performed.

34. Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff demands judgment against defendant in the sum of at least **$238,800.00,** together with consequential damages in an amount to be determined at the trial of this action, with interest thereon from October 29, 2012, together with the costs and disbursements of this action, including but not limited to reasonable attorneys' fees and expenses.

Dated: New York, New York
      January 28, 2014

Respectfully submitted:

By: _____
Douglas R. Rosenzweig, Esq. (DR1111)
Attorneys for Plaintiff
French & Casey, LLP
29 Broadway, 27th Floor
New York, New York 10006
Tele: (212) 797-3544
Fax: (212) 797-3545
Email: Drosenzweig@frenchcasey.com

## VERIFICATION FOR ATTORNEY

The undersigned, an attorney admitted to practice law before the United States District Court, Eastern District of New York, affirms:

That the undersigned is a member of the firm of FRENCH & CASEY, LLP, attorneys of record for plaintiff, JOHN CARDONA, in the within action; that the undersigned has read the foregoing and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this Verification is being made by the undersigned and not by plaintiff is because said party does not reside or maintain a place of residence in New York County where your affirmant's office is located.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge are material contained in affirmant's file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
January 28, 2014

_____
Douglas R. Rosenzweig